UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT SCHWIEGER,

      Plaintiff,      Case No. 1:09-cv-760

v.                 Honorable Paul L. Maloney

JOHN PRELESNIK et al.,

      Defendants.
_____/

## **OPINION**

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff paid the $350.00 filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff is incarcerated in the Richard A. Handlon Correctional Facility (MTU). In his *pro se* complaint, he sues Warden John Prelesnik, Doctor Erik Sievertsen and "HMO Health Care" at MTU. Plaintiff claims that Defendants have denied him necessary medical care in violation of his Eighth Amendment rights. Specifically, he claims that he has needed surgery for a hernia since 2005. Plaintiff alleges that he was treated by Defendant Sievertsen on March 21, 2005. According to Plaintiff, Dr. Sievertsen told him that he needed exploratory surgery, but Plaintiff never received it. For relief, Plaintiff seeks an order requiring the Michigan Department of Corrections to provide the hernia surgery, as well as compensatory and punitive damages of $1.5 million.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.

Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In

other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

With regard to Dr. Sievertsen, Plaintiff alleges that on March 21, 2005, Sievertsen told Plaintiff that he needed exploratory surgery. Plaintiff claims that he never received the surgery. Plaintiff does not make any further allegations against Sievertsen. Plaintiff's allegations suggest that Sievertsen recommended that Plaintiff receive surgery, not that Sievertsen made a decision to deny Plaintiff surgery or other medical treatment. Given Plaintiff's scant allegations against Sievertsen, the Court cannot draw a reasonable inference that he was deliberately indifferent to Plaintiff's

medical needs. *See Ashcroft*, 129 S. Ct. at 1949. Accordingly, Plaintiff fails to state a claim against Dr. Sievertsen.[1]

Plaintiff fails to make specific factual allegations against Warden Prelesnik. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendant Prelesnik engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against him.

---

[1]Moreover, Plaintiff's claim against Sievertsen appears to be barred by the statute of limitations. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220. Plaintiff asserts claims arising on March 21, 2005. Plaintiff had reason to know of the "harms" done to him when he did not receive the exploratory surgery in 2005. However, he did not file his complaint until September 2009, well past Michigan's three-year limit.

Plaintiff also sues "HMO Health Care" at MTU, which the Court construes as the medical department at the prison. An express requirement of 42 U.S.C. § 1983 is that the defendant be a "person." *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). MTU, which includes its medical departments, is an administrative unit of the Michigan Department of Corrections. Neither a prison nor a state corrections department is a "person" within the meaning of section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Furthermore, Plaintiff's claim against this Defendant is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). That amendment prohibits suits in federal court against the state or any of its agencies or departments. *Pennhurst State School & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984). A state's Eleventh Amendment immunity is in the nature of a jurisdictional defense and may be raised on the court's own motion. *Estate of Ritter v. University of Michigan*, 851 F.2d 846, 851 (6th Cir. 1988). The Supreme Court has squarely held that the Eleventh Amendment bars federal suits against state departments of corrections. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam). MTU and its medical department are therefore not subject to a section 1983 action.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the

$455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  September 28, 2009  /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge